WWR #05953888

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS (MCALLEN DIVISION)

| | |
|---|---|
| QINGDAO HISENSE IMPORT & EXPORT CO., LTD., <br> 22F Hisense Tower, 17 Donghaixi Road, <br> Qingdao, Shangdong Province, <br> Peoples Republic of China <br><br> Petitioner, <br><br> vs. <br><br> PROGRESSIVE TELECOM, INC., <br> dba PROGRESSIVE TELECOMMUNICATIONS, INC., <br> c/o Registered Agent Frank G. Herrera, <br> 1710 South 28th Avenue, <br> Edinburg, TX 78539, <br><br> Respondent. | ) CASE NO.: <br> ) <br> ) <br> ) JUDGE: <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) ***PETITION TO CONFIRM FOREIGN*** <br> ) ***ARBITRAL AWARD*** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Petitioner Qingdao Hisense Import & Export Co., Ltd. (hereinafter "Hisense") states as follows for its Petition to Confirm Foreign Arbitral Award pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (hereinafter "Convention"), codified at 9 USC § 201 et seq.:

### INTRODUCTION

1. Hisense files this Petition, pursuant to the Convention, codified in the United States as 9 USC § 201 et seq., to confirm the Arbitral Award issued by the China International Economic and Trade Arbitration Commission (hereinafter "CIETAC") on June 25, 2007, in favor of Hisense and against Respondent Progressive Telecom, Inc.

dba Progressive Telecommunications, Inc. (hereinafter "Progressive Telecom") in the amount of $759,724.46.

## PARTIES

2. Hisense is a corporation located in and incorporated under the laws of the Peoples Republic of China, and is a manufacturer and exporter of cellular phones among other things. Hisense is located at 22F Hisense Tower, 17 Donghaixi Road, Qingdao, Shangdong Province, Peoples Republic of China.

3. Progressive Telecom is a corporation located in and incorporated under the laws of Texas; it is, upon information and belief, an importer and international wholesale distributor of cellular phones among other things, and at all times pertinent hereto was a customer of Hisense. Progressive Telecom is a located at 1710 South 28th Avenue, Edinburg, TX 78539,

4. CIETAC is an arbitration institution located in Beijing, Peoples Republic of China, with a mission to independently and impartially resolve economic and trade disputes by arbitration and other means of alternative dispute resolution.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this case pursuant to 9 USC § 203, which provides the District Court of the United States with original jurisdiction over petitions to confirm foreign arbitral awards filed under 9 USC § 201 et seq.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(1),(2), and (3) in that Progressive Telecom resides in Texas, a substantial portion of the activity that is subject to this action is situated in this judicial district, and Progressive Telecom is subject to personal jurisdiction in this judicial district.

2

## FACTUAL BACKGROUND

7. On January 1, 2005, Hisense and Progressive Telecom entered into a Sales Distributor Agreement (hereinafter "Agreement"), under which the parties agreed that Progressive Telecom would be the exclusive distributor in Mexico of Hisense brand CDMA Mobile Phones, model no. CP389 (hereinafter "Hisense Phones"). Pursuant to Article IV(1)(b) of the Convention, a duly certified copy of the Agreement is attached hereto as Exhibit A.

8. The Agreement contained the following valid and enforceable arbitration clause:

> **16. Arbitration**
> All disputes arising from the execution of this Agreement shall be settled through friendly communications. In case no settlement can be reached, the case in dispute shall be submitted to the Foreign Trade Arbitration Commission of the China Council for the Promotion of International Trade for arbitration in accordance with its provisional rules of procedure. The decision made by this Commission shall be regarded as final and binding upon both parties. Arbitration fees shall be borne by the losing party, unless otherwise awarded.

9. Pursuant to the Agreement, on June 18, 2005, Progressive Telecom issued a Purchase Order to Hisense, offering to buy 10,000 Hisense Phones, with a unit price of $78.00 per unit, stating a total purchase price of $780,000.

10. Pursuant to the Agreement, on June 20, 2005, Hisense issued a Proforma Invoice confirming Progressive Telecom's Purchase Order of June 18, 2005, stating a total purchase price of $780,000.

11. Pursuant to the Agreement, on June 8, 2005, both Hisense and Progressive Telecom signed via facsimile a Sales Contract again confirming the terms of Progressive Telecom's Purchase Order of June 18, 2005, stating a total purchase price of $780,000.

12. Pursuant to the Agreement, on September 30, 2005, Hisense and Progressive Telecom entered into a revised Sales Contract, again confirming the terms of Progressive Telecom's Purchase Order of June 18, 2005, but modifying it to indicate a shipment date before October 15, 2005 by air.

13. Pursuant to the Agreement, on October 13, 2005, Hisense shipped by air 10,000 Hisense Phones to Progressive Telecom.

14. On October 13, 2005, Progressive Telecom made payment of 10% of the balance, $78,000.00 to Hisense.

15. Pursuant to the Agreement, as of October 14, 2005, Progressive Telecom owed Hisense a remaining balance of $702,000 under the Purchase Order, Proforma Invoice, Sales Contracts, and shipment set forth in paragraphs 9 through 14 of this Petition.

16. Pursuant to the Agreement, from October 14, 2005 to October 29, 2006, Hisense made reasonable efforts to resolve the unpaid balance through communications with Progressive Telecom, but Progressive Telecom refused to resolve this matter.

17. Pursuant to the Agreement, on October 30, 2006, Hisense filed an Application for Arbitration with CIETAC.

18. Pursuant to its provisional rules of procedure, on December 5, 2006, CIETAC sent an Arbitration Notice to Progressive Telecom through international express mail. Progressive Telecom was served with said Arbitration Notice on December 20, 2006.

19. On March 29, 2007, CIETAC scheduled its hearing of this matter for May 14, 2007. Progressive Telecom was served with said Notice of Oral Hearing on April 20, 2007.

20. On May 14, 2007, CIETAC conducted an arbitration of this matter before three arbitrators duly selected under CIETAC's provisional rules of procedure. Although duly noticed Progressive Telecom failed to appear or have any representative or attorney appear on its behalf.

21. Pursuant to its provisional rules of procedure, CIETAC conducted the arbitration hearing by default, hearing the statement of facts and receiving the evidence as presented by Hisense.

22. On June 25, 2007, CIETAC issued its Arbitral Award, finding in part that the law of the People's Republic of China applied to the Agreement. CIETAC further found that the terms and conditions of the Agreement, including the arbitration clause, were valid and did not violate Chinese law. Pursuant to Article IV(1)(a) of the Convention, a duly certified copy of the Arbitral Award is attached hereto as Exhibit B. Pursuant to Article IV(2) of the Convention, a certified translation of the Arbitral Award is attached hereto as Exhibit C.

23. In its Arbitral Award, CIETAC further found that Progressive Telecom owed Hisense a remaining balance of $702,000 under the Purchase Order, Proforma Invoice, Sales Contracts, and shipment set forth in paragraphs 9 through 14 of this Petition.

24. In its Arbitral Award, CIETAC further found that Hisense was entitled to additional damages of RMB 288,925.98 under Chinese law, for the losses Hisense incurred due to Progressive Telecom's misappropriation of Hisense monies for a lengthy period of time.

25. On June 25, 2007, the exchange rate for one Chinese Yuan Renminbi was 0.13132 US Dollar. As such, on June 25, 2007, the award of RMB 288,925.98 constituted an award of USD 37,941.76.

26. In its Arbitral Award, CIETAC further found that, under the Agreement, Hisense was entitled to recover an additional RMB 150,645.00 for the cost of the Arbitration. Based on the exchange rate as of June 25, 2007, the award of RMB 150,645.00 constituted an award of USD 19,782.70.

27. In its Arbitral Award, CIETAC found in favor of Hisense and against Progressive Telecom in a total amount of $759,724.46.

## COUNT ONE
### (PETITION TO CONFIRM FOREIGN ARBITRAL AWARD)

28. Plaintiff re-alleges and incorporates by reference Paragraphs 1 though 27, inclusive, as if fully set forth herein.

29. Hisense and Progressive Telecom entered into a Sales Distributor Agreement (hereinafter "Agreement"), which contained a valid and enforceable arbitration clause.

30. Pursuant to the arbitration clause in the Agreement, Hisense filed for arbitration of its commercial disputes with Progressive Telecom in China before CIETAC.

31. Progressive Telecom was served with the Notice of Arbitration and Notice of Oral Hearing, and given proper notice of the arbitration and oral hearing.

32. After conducting a default hearing its provisional rules of procedure and due deliberation, CIETAC entered an arbitral award in favor of Hisense and against Progressive Telecom in the amount of USD $759,724.46.

33. Pursuant to the Convention, codified at 9 USC § 201 et seq., this arbitral award is binding and enforceable in the United States of America.

34. Pursuant to the Convention, codified at 9 USC § 201 et seq., Hisense is entitled to an order confirming said arbitration award.

WHEREFORE, Petitioner Qingdao Hisense Import & Export Co., Ltd. prays for judgment against Respondent Progressive Telecom, Inc. dba Progressive Telecommunications, Inc. as follows:

1. An Order from the Court recognizing and confirming the Arbitral Award issued by China International Economic and Trade Arbitration Commission on June 25, 2007, in favor of Petitioner Qingdao Hisense Import & Export Co., Ltd. and against Respondent Progressive Telecom, Inc. dba Progressive Telecommunications, Inc. in the amount of $759,724.46, pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 USC § 201 et seq.

2. An Order granting such other and further relief as the Court may find just and equitable.

Respectfully submitted,

BAKER & HOSTETLER

/s/ C. Thomas Kruse
C. THOMAS KRUSE, ESQ.
*Local Counsel for Plaintiff*
1000 Louisiana
Suite 2000
Houston, TX 77002-5009
Tel: (713) 646-1365
Fax: (713) 751-1717
E-mail: tkruse@bakerlaw.com