# 中国国际经济贸易仲裁委员会
## CHINA INTERNATIONAL ECONOMIC AND TRADE ARBITRATION COMMISSION

| | |
|---|---|
| 地址：中国北京朝阳区亮马桥路 32 号高澜大厦六层 | Add: 6/F, Golden Land Building, 32 Liang Ma Qiao Road, |
| 邮编：100016 | Chaoyang District, Beijing 100016, P. R. China |
| 电话：(86-10)64646688 | Tel: (86-10)64646688 |
| 传真：(86-10)64643500,64643520 | Fax: (86-10)64643500,64643520 |
| 电子信箱：CIETAC@PUBLIC.BTA.NET.CN | E-mail:CIETAC@PUBLIC.BTA.NET.CN |

(2007)中国贸仲京字第 007546 号

函寄 G20060461 号手机销售合同争议案

裁决书

申 请 人：青岛海信进出口有限公司
　　　　　(QINGDAO HISENSE IMPORT & EXPORT CO.LTD)
仲裁代理人：何薇、邢科科、王亚西
被申请人：Progressive Telecom Inc.

随函分别寄去仲裁庭就题述仲裁案作出的(2007)中国贸仲京裁字第 0293 号裁决书各一式一份，请查收并转交你方当事人，请其遵照执行。

2007 年 6 月 25 日

附件：如文

EXHIBIT B

# 中国国际经济贸易仲裁委员会
# 裁 决 书

申请人：青岛海信进出口有限公司

（HISENSE IMP. & EXP. CO., LTD.）

地　　址：中国山东省青岛市东海西路 17 号海信大厦 22 层

仲裁代理人：金杜律师事务所律师　何薇、邢科科、王亚西

被申请人：Progressive Telecom Inc.

地　　址：7308 N 5TH ST, MCALLEN TX 78504 USA

北京

二零零七年六月二十五日

# 裁 决 书

（2007）中国贸仲京裁字第 0293 号

中国国际经济贸易仲裁委员（原名中国国际贸易促进委员会对外贸易仲裁委员会，后更名为中国国际贸易促进委员会对外经济贸易仲裁委员会，后又改为现名，以下简称仲裁委员会）根据申请人青岛海信进出口有限公司（英文名：HISENSE IMP. & EXP. CO., LTD., 以下简称申请人）与被申请人 Progressive Telecom Inc.（以下简称被申请人）之间签署日期为 2005 年 1 月 1 日的、编号为 HSDA040902 的 Sales Distributor Agreement（以下简称本案合同或协议）中第 6 条关于仲裁的约定，以及申请人于 2006 年 10 月 30 日向仲裁委员会提交的仲裁申请书，受理了申请人与被申请人之间因执行上述合同而产生的手机销售合同争议仲裁案。案件编号为 G20060461 号。

　　本案仲裁程序适用仲裁委员会自 2005 年 5 月 1 日起施行的《中国国际经济贸易仲裁委员会仲裁规则》（以下简称仲裁规则）。

　　2006 年 12 月 5 日，仲裁委员会秘书局以特快专递方式分别向申请人和被申请人发出本案仲裁通知并附仲裁规则和仲裁委员会仲裁员名册，同时向被申请人附去申请人提交

1

的仲裁申请书及其附件，并提请被申请人在仲裁规则规定的期限内选定仲裁员、提交书面答辩意见及/或反请求。

国际特快专递查单显示：向被申请人寄送的上述文件已于2006年12月20日妥投。

申请人选定陈秉五先生为仲裁员。由于被申请人在仲裁规则规定的期限内未选定或委托仲裁委员会主任代为指定仲裁员，仲裁委员会主任根据仲裁规则的有关规定指定林文肯先生担任仲裁员。由于双方当事人在仲裁规则规定的期限内未就首席仲裁员的人选达成一致意见，仲裁委员会主任根据仲裁规则的有关规定指定宋学成先生担任本案首席仲裁员。上述三位仲裁员在分别签署接受指定声明书后，于2007年3月7日组成仲裁庭，共同审理本案。

2007年3月29日，仲裁庭经商仲裁委员会秘书局决定于2007年5月14日在北京开庭审理本案。

由于首席仲裁员宋学成先生本人向仲裁委员会提出因公务繁忙不能继续担任本案仲裁员，仲裁委员会主任于2007年4月9日根据仲裁规则的规定重新指定安红旗先生替换宋学成先生担任本案首席仲裁员，与申请人选定的仲裁员陈秉五先生和仲裁委员会主任代被申请人指定的林文肯先生继续共同审理本案。

2007年5月14日，仲裁庭在北京如期开庭审理本案。申请人委派仲裁代理人到庭。被申请人未委派代表或代理人

2

出席庭审，亦未事前向仲裁庭申明其不能到庭的理由，根据仲裁规则第 34 条的规定，仲裁庭对本案进行了缺席审理。庭审中，申请人结合其仲裁请求陈述了案件事实及其法律依据，向仲裁庭出示了其所提交证据的原件并回答了仲裁庭的询问。

庭后当日，仲裁委员会秘书局以（2007）中国贸仲京字第 005473 号函向被申请人通报了庭审情况，同时通知被申请人对本案如有评论意见（包括证据）或有再次开庭的要求应于收到该函之日起 5 日内书面提交至仲裁委员会。

在本案仲裁程序中，仲裁委员会秘书局向双方当事人寄送的所有文件均已有效送达。

在本案仲裁程序中，被申请人未提交任何案件材料。

本案现已审理终结。仲裁庭根据庭审时查明的事实和申请人提交的现有材料，经合议，作出本缺席裁决。

现将本案案情、仲裁庭意见和裁决结论分述如下：

## 一、案　情

2005 年 1 月 1 日，申请人与被申请人以传真方式订立 Sales Distributor Agreement，即协议，双方当事人在该协议中约定，申请人指定被申请人为申请人的商品在墨西哥销售的独家代理，被申请人代理销售的产品为海信牌

3

CP389CDMA 手机，在本协议有效期内，被申请人销售的手机不少于7万台；双方约定，被申请人应以传真或电子邮件的方式向申请人下达定单，申请人将形式发票传真给被申请人以确认定单，之后，申请人将按照形式发票安排生产；双方还约定，合同金额的10%由被申请人电汇给申请人，其他90%由被申请人在发货前向申请人开出信用证；申请人将货物运至被申请人指定的目的港，协议有效期自2005年1月至2005年9月。

除上述外，双方还就保证、市场、培训等进行了约定。在协议附件1价格条款中，双方约定，被申请人销售的手机7万台，每台为价格FOB 88美元，在附件2中，双方就有关的采购计划进行了约定。

在上述协议签订后的2005年6月18日，被申请人以电子邮件的方式向申请人下达了定单。在该定单中，被申请人提出采购CP389手机1万台，单价78美元，总价78万美元。

2005年6月20日，申请人向被申请人出具了形式发票，确认了被申请人下达的上述定单，并注明发票金额的10%预付款由被申请人电汇给申请人，其他90%在申请人发货后30天由被申请人电汇给申请人。前述形式发票传真给了被申请人，被申请人未提出异议并向申请人支付了10%的货款计78,000美元。随后，申请人开始进行生产。2005年6月28日，双方传真签订了销售合同，双方在合同中除确认了前述

4

定单和形式发票的内容外，还约定申请人在 2005 年 9 月 30 日前将货物空运给被申请人。2005 年 9 月 30 日，双方又传真签订了新的合同，该合同号与 2005 年 6 月 28 日签订的合同编号相同，均为 MPD0105008 号，双方在该合同中将交货时间改为 2005 年 10 月 15 日之前，其他内容没有变化。

2005 年 10 月 13 日，申请人将货物空运至被申请人指定的目的港 HOUSTON。

2005 年 11 月至 12 月，申请人向被申请人发出电子邮件，催促被申请人按时支付 90%的货款；2005 年 11 月 17 日，被申请人以电子邮件回复申请人，在该邮件中，被申请人表示，本案合同项下的货物销售遇到困难，正在努力销售，但还未售出。2006 年 2 月 13 日，被申请人又发送电子邮件给申请人，在该邮件中，被申请人表示，其正在努力销售，并且一些客户已有购买意向，同时，被申请人提出希望再从申请人处购买产品。

但被申请人一直未向申请人支付本案合同项下 90%的货款计 702,000 美元。申请人遂向仲裁委员会提起仲裁，其仲裁请求为：

1、被申请人向申请人支付货款共计 702,000.00 美元；

2、被申请人向申请人赔偿因迟延支付货款给申请人造成的直接经济损失人民币 288,925.98 元；

3、被申请人承担申请人为提起仲裁而支付的律师费和

5

其他合理开支，并承担本案全部仲裁费用。

据申请人称：

申请人是中华人民共和国手机制造商，被申请人是一家在美国注册成立的手机经销商。2005年1月1日，申请人与被申请人订立了协议，在协议中，约定双方合作的模式为由申请人向被申请人提供总计70000台CP389型号的手机，供被申请人在墨西哥境内销售。在协议框架下，双方将针对每一笔订单具体的采购型号、数量、价格签订具体的销售合同，交易应当以双方确认的销售合同为准。协议第5条约定，被申请人通过电子邮件或者传真的方式向申请人下达订单，再由申请人开出形式发票一并传真给被申请人确认，被申请人若在收到形式发票后1个工作日内未提出异议，申请人将依据形式发票安排生产。

2005年6月18日，被申请人以电子邮件方式向申请人发出订单，要求订购10000台CP389手机，每台单价为78美元，货物总价为78万美元。2005年6月28日，双方签订销售合同，确认手机型号为CP389，数量10000台，价格为每台78美元，交货方式为2005年9月30日前空运，付款方式为下订单同时支付10%的货款，下订单后30日内支付剩余90%的货款。2005年9月30日，双方对2005年6月28日达成的销售合同进行修改，签署了新的销售合同，依据重新签署的销售合同，交货方式为2005年10月15日前空运，付

6

款条件为下订单同时支付10%货款,装运后30日内电汇支付剩余90%货款。2005年10月13日,申请人按照合同的约定交付了CP389手机1万台,被申请人也支付了10%的货款计78,000美元,但到2005年11月13日,付款期限届至,但被申请人并未按约定支付剩余的90%货款。申请人从2005年11月14日开始多次去函催促被申请人支付余款,2005年11月17日,被申请人回函表示正在寻找销售该批手机的分销商,希望能延迟支付货款,申请人在此之后又多次去函催款,并且表示愿意提供协助。

2006年2月3日,被申请人回函表示,已经顺利与多位分销商达成销售该批手机的意向,并且希望继续从申请人处订购相应型号和数量的手机。申请人表示双方可以协商,但被申请人应当首先支付完毕上批订单的剩余货款。此后,被申请人没有再理会申请人提出的付款要求,至今也未支付剩余货款。

如上所述,申请人严格按照合同约定交付了品质合格的货物,已经履行完毕合同项下申请人的全部义务,被申请人对此并无异议。但被申请人却严重违反了合同约定,以种种借口故意拖欠货款近一年时间,给申请人的资金周转造成极大困难,严重违背了商业诚信。

## 二、仲裁庭意见

1、关于适用法律

仲裁庭注意到，申请人和被申请人未在协议和合同中就发生争议时所应适用的法律作出约定，因此，本案适用法律由仲裁庭决定。仲裁庭根据最密切联系原则认定，解决本案争议应当适用中华人民共和国法律。

2、关于协议和合同的效力

仲裁庭认为，申请人与被申请人于2005年1月1日签订的协议以及双方于2005年9月30日签订的该协议项下的合同是双方在平等自愿的基础上签订的，双方均具有签订协议和合同的主体资格，且协议和合同内容不违反中国法律、法规和国际公约的强制性规定并符合合同生效的一般要件，代表了双方的真实意思表示。因此，该协议及合同合法有效。在协议和合同履行过程中，双方也从未对协议和合同的有效性提出过质疑。故，仲裁庭认为，该协议和合同可以作为判定双方当事人权利、义务的依据。

3、关于欠款

仲裁庭注意到，申请人就自己的主张向仲裁庭提交了如下证据：

（1）双方于2005年1月1日传真签订的协议；

（2）被申请人于2005年6月18日向申请人以电子邮件下达的1万台手机的定单；

（3）申请人于 2005 年 6 月 20 日向被申请人出具并传真给被申请人的形式发票；

（4）2005 年 6 月 28 日和 9 月 30 日双方传真签订的合同；

（5）2005 年 10 月 13 日发货的空运单；

（6）2005 年 11 月至 2006 年 2 月双方往来的有关付款和销售的电子邮件；

除上述外，申请人未再向仲裁庭提交其他证据。

基于上述证据，仲裁庭认为：

（1）如上所述，仲裁庭已经认定本案协议和合同是有效的，对双方均具有约束力。因此，双方均应按照双方在协议和合同中的约定履行协议和合同。依据申请人提交的证据，仲裁庭注意到，申请人按照合同约定的程序确认了被申请人下达的定单并开始按照定单进行生产，2005 年 10 月 13 日，申请人将本案合同项下的货物空运给了被申请人，在双方的往来邮件中显示，被申请人收到了本案合同项下的货物，双方对此均无异议。虽然被申请人曾提出货物的质量问题，但被申请人并未就此向仲裁庭提交任何证据，因此，仲裁庭不予考虑。

（2）被申请人在下达定单时支付了本案合同项下 10%的货款计 78,000 美元，申请人对此没有异议。但被申请人在收到货物 30 天后，即 2005 年 11 月 13 日至今仍未按照合

9

同的约定支付其他 90%的货款计 702,000 美元。双方往来的邮件显示，虽然被申请人收到货物后遇到销售困难，但仲裁庭认为，这并不构成被申请人拒绝付款的抗辩理由，被申请人的拒不付款的行为违反了协议和合同的约定，属违约行为，被申请人应就此承担违约责任。

（3）基于上述，仲裁庭认为，被申请人应当按照双方在协议和合同中的约定向申请人支付拖欠的 702,000 美元货款。仲裁庭支持申请人向被申请人索要 702,000 美元货款的仲裁请求。

4、关于利息

仲裁庭注意到，申请人在其仲裁请求中提出被申请人应向申请人赔偿迟延支付货款而给申请人造成的直接经济损失。在庭审中，申请人的解释是，请求中所指的直接经济损失就是被申请人迟延付款的利息。

仲裁庭认为，被申请人违反协议和合同的约定，迟延支付本案合同项下的货款 702,000 美元，长期占用申请人的资金，给申请人造成了巨大的损失。因此，申请人向被申请人索要利息的请求是合理的，被申请人应当向申请人支付上述拖欠的货款 702,000 美元自 2005 年 11 月 13 日至 2006 年 10 月 12 日按照 2005 年 11 月 13 日的外汇牌价 1 美元折合人民币 8.0847 元，并按照 5.58%的利率计算的利息计人民币 288,925.98 元。

仲裁庭支持申请人的该项仲裁请求。

5、关于律师费用

申请人要求被申请人负担其因本案已发生的律师费人民币2万元，为此，申请人向仲裁庭提交了有关证据。但仲裁庭注意到，该律师费的付款人不是申请人，而是中国出口信用保险公司。因此，仲裁庭认为，申请人提交的关于律师费的证据与本案无关，仲裁庭对申请人的该项仲裁请求无法予以支持。

6、关于仲裁费用的承担

仲裁庭认为，本案仲裁费用由申请人承担5%，由被申请人承担95%。

# 三、裁 决

基于以上事实和理由，仲裁庭经合议裁决如下：

1、被申请人向申请人支付拖欠的货款702,000美元。

2、被申请人向申请人赔偿损失人民币288,925.98元。

3、驳回申请人的其他仲裁请求。

4、本案仲裁费为人民币158,574元，由申请人承担5%，即人民币7,929元，由被申请人承担95%，即150,645元。由于上述仲裁费已与申请人向仲裁委员会预付的费用相冲抵，故被申请人应直接向申请人偿付申请人代其垫付的仲裁

11

费用人民币 150,645 元。

上述被申请人应支付给申请人的款项,被申请人应于本裁决书作出之日起 15 天内支付完毕。

本裁决为终局裁决,自作出之日起生效。

（此页无正文）

首席仲裁员：[签名]

仲　裁　员：[签名]

仲　裁　员：[签名]

[印章]

二零零七年六月二十五日于北京